IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

| | |
|---|---|
| MARCEL MALACHOWSKI,<br>Institutional ID No. 15287-052<br><br>　　　　Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>　　　　Defendant. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§     Civil Action No. 1:20-CV-00190-BU |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS
OF THE UNITED STATES MAGISTRATE JUDGE**

Plaintiff Marcel Malachowski, a federal inmate at the time he filed suit, brought this action against various defendants including the United States. The case is now before the Court due to Malachowski's failure to respond to the Court's Order to Show Cause, Dkt. No. 71, requiring him to explain his failure to serve the United States. For the reasons explained below, the undersigned RECOMMENDS that the Court DISMISS WITHOUT PREJUDICE Malachowski's claim under Federal Rules of Civil Procedure 41(b).

**I.　FACTUAL AND PROCEDURAL BACKGROUND**

Malachowski's claims were referred to the undersigned for judicial screening, and Malachowski later consented to the undersigned exercising the full jurisdiction of this Court. Dkt. Nos. 22, 25. In its Order screening Malachowski's claims, the Court dismissed all claims except for the Federal Torts Claim Act claim against the United States. Dkt. No. 33.

1

Because Malachowski is not proceeding *in forma pauperis*, he was, and still is, responsible for serving the United States. *See* Dkt. No. 41 at 2. And in consideration of his incarcerated status, the Court ordered this case stayed and administratively closed to provide him with adequate time to properly serve the United States. Dkt. No. 41. Malachowski later filed a Notice of Appeal with the Fifth Circuit seeking review of this Court's Order dismissing some of his claims, thus providing an additional basis for the stay pending the appeal's outcome.

The Court lifted the administrative stay after the Fifth Circuit dismissed Malachowski's appeal. Dkt. Nos. 67, 68. In its Order lifting the stay, the Court noted that it appeared from the docket that summons was issued on May 23, 2023, *see* Dkt. No. 62, but it was not clear whether Malachowski had effectively served the United States as required by Rule 4(i) of the Federal Rules of Civil Procedure. Dkt. No. 68 at 3. The Court granted Malachowski an additional 90 days—*i.e.*, until December 14, 2023—to effect service upon the United States. *Id.*

Even with this additional opportunity to serve the United States, Malachowski has yet to file anything to indicate that he has properly served the United States. Nine days before the service deadline, Malachowski filed—and the Court denied—a Motion to Appoint Counsel. Dkt. Nos. 69, 70. In his Motion, Malachowski represented to the Court that he "has served all parties as instructed by the Court." Dkt. No. 69. He did not, however, provide any evidence to support this assertion.

2

The Court then ordered Malachowski to show cause by January 18, 2024, for his failure to serve the United States and prosecute his case. Dkt. No. 71. Malachowski has not responded to that Order.

## II.  LEGAL STANDARDS

Rule 41(b) of the Federal Rules of Civil Procedure permits a court to dismiss an action sua sponte for failure to comply with court orders or for failure to prosecute. *Nottingham v. Warden, Bill Clements Unit*, 837 F.3d 438, 440 (5th Cir. 2016); *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988). This authority flows from a court's inherent power to control its docket and prevent undue delays in the disposition of pending cases. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629–31 (1962). A Rule 41(b) dismissal may be with or without prejudice. *Long v. Simmons*, 77 F.3d 878, 880 (5th Cir. 1996). A dismissal with prejudice is appropriate only where a litigant's acts or omissions are "the result of purposeful delay or contumaciousness and the record reflects that the district court employed lesser sanctions before dismissing the action [with prejudice]." *Id.*

## III.  ANALYSIS

The undersigned recommends dismissal under Rule 41(b) for two reasons: (1) Malachowski's failure to prosecute his claim and (2) his failure to comply with this Court's Order to Show Cause. Dkt. No. 71. Starting with Malachowski's failure to prosecute his claim, the Court first ordered Malachowski to serve the United States on February 9, 2023, and eventually extended his time to achieve service until December 14, 2023. Dkt. Nos. 33, 68. In that time, Malachowski has not served the United States in a manner that complies with Rule 4(i). This alone warrants dismissal under Rule 41(b). *See Veronica B. v. Comm'&shy;*

*of Soc. Sec. Admin.*, No. 3:19-cv-1341-S-BT, 2019 WL 5967847, at *1 (N.D. Tex. Oct. 10, 2019) (collecting cases), *report & rec. adopted*, 2019 WL 5964486.

Dismissal is also warranted because of Malachowski's failure to respond to this Court's Order to Show Cause, which gave him until January 18, 2024, to explain his failure to serve the United States. Dkt. No. 71. As mentioned above, Malachowski has not responded to the Court's call for him to explain his actions—rather, his lack thereof. This, too, serves as a ground for dismissal under Rule 41(b). *Veronica B.*, 2019 WL 5967847 at *2.

Still, the undersigned has no reason to believe that Malachowski's failures to prosecute or show cause are the result of some improper motive. Thus, the undersigned recommends that the Court dismiss Malachowski's claim without prejudice.

## IV.  CONCLUSION

For the reasons provided above, the undersigned RECOMMENDS that the Court DISMISS WITHOUT PREJUDICE Malachowski's remaining claim under Rule 41(b) for his failure to prosecute his case and failure to comply with a court order.

## V.  RIGHT TO OBJECT

A copy of these Findings, Conclusions, and Recommendations shall be served on all parties in the manner provided by law. Any party who objects to any part of these Findings, Conclusions, and Recommendations must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1) (2017); Fed. R. Civ. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which the objection is made, state the basis for the objection, and specify the place in the

magistrate judge's Findings, Conclusions, and Recommendations where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

    ORDERED this 22nd day of January 2024.

 

_____
JOHN R. PARKER
UNITED STATES MAGISTRATE JUDGE