UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

| | |
|---|---|
| MARCEL MALACHOWSKI,<br>Institutional ID No. 15287-052<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | No. 1:20-CV-00190-H |

**ORDER ACCEPTING FINDINGS, CONCLUSIONS, AND**
**RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE**

The United States Magistrate Judge entered findings, conclusions, and a recommendation (FCR) in this case. No objections were filed. The District Court independently examined the record and reviewed the findings, conclusions, and recommendation for plain error. Finding none, the Court accepts and adopts the findings, conclusions, and recommendation of the United States Magistrate Judge, supplemented by the analysis below.

As recommended by the Magistrate Judge, Plaintiff's complaint and all claims alleged therein are dismissed without prejudice for want of prosecution pursuant to Federal Rule of Civil Procedure 41(b). However, the Court recognizes that when the statute of limitations acts to bar future litigation, a dismissal without prejudice operates as a dismissal with prejudice, and the court is required to apply a higher standard of review. *Nottingham v. Warden, Bill Clements Unit*, 837 F.3d 438, 440–41 (5th Cir. 2016); *Gibbs v. Jackson*, No. 22-40731, 2024 WL 446455, at *1 n.1 (5th Cir. Feb. 6, 2024). Dismissal with prejudice "is appropriate when there is a clear record of delay or contumacious conduct by the plaintiff

and when lesser sanctions would not serve the best interests of justice." *Nottingham*, 837 F.3d at 440–41 (internal quotation marks omitted) (quoting *Bryson v. United States*, 553 F.3d 402, 403 (5th Cir. 2008).

The United States Magistrate Judge found "no reason to believe that [Plaintiff's] failures to prosecute or show cause are the result of some improper motive," and thus recommended dismissal without prejudice. But, because the dismissal here may function with prejudice because of the operation of the statute of limitations, the Court reviewed the record and finds that there is an adequate basis for dismissal even under the heightened standard.

First, there is a clear record of delay and lackluster prosecution from the plaintiff. *See, e.g.*, Dkt. Nos. 50, 67, 68. Over a year ago, the United States Magistrate Judge completed screening of this case and gave Plaintiff 90 days to serve the United States on his surviving FTCA claim. Dkt. No. 33. Well into the 90-day time allowed, the Magistrate Judge again extended the time for service, giving Plaintiff 90 days from the date of that order to file proof of service on the United States. Dkt. No. 41. In the meantime, Plaintiff filed an untimely appeal, and the Magistrate Judge extended the appeal deadline to permit Plaintiff to pursue his claims. *See* Dkt. Nos. 45, 50. Ultimately, Plaintiff's appeal was dismissed for want of prosecution when he failed to brief his arguments in the Fifth Circuit. Dkt. No. 67. After that, the Magistrate Judge gave Plaintiff another 90 days, or until December 14, 2023, to perfect service on the United States. Dkt. No. 68. Plaintiff again failed to do so, and the Magistrate Judge gave him yet another chance—giving him another two weeks to move the case forward or show cause why his case should not be dismissed. Dkt. No. 71. When Plaintiff did not respond to the show cause order, the Magistrate Judge

entered his FCR recommending that this Court dismiss the remaining claims for want of prosecution. Dkt. No. 72. Plaintiff did not object, and the time to do so has passed.[1]

Second, the case must be dismissed because Plaintiff has failed to maintain contact with the Court and his current address is unknown. The Magistrate Judge's FCR was mailed to Plaintiff at his last known address, which is a residential re-entry center in Albany, New York. But the envelope containing the FCR was returned to the Clerk unopened on February 12, 2024, marked "undeliverable," and "unable to forward." Plaintiff has not provided the Court with his current address, nor has he registered for electronic filing.

Simply put, Plaintiff has run out of chances to move this case forward. Moreover, without updated contact information, the Court has no way to communicate with Plaintiff about his case. For these reasons and those discussed in the Magistrate Judge's FCR, the Court finds that this case must be dismissed for want of prosecution.

All relief not expressly granted is denied.

The Court will enter judgment accordingly.

So ordered.

Dated February 15, 2024.

_____
JAMES WESLEY HENDRIX
United States District Judge

---

[1] Plaintiff is no longer incarcerated, and thus, no longer entitled to the benefit of the prison mailbox rule.